JOHN CROSSLEY & SONS, Limited, v. HOGG.

(Circuit Court, D. Massachusetts. May 15, 1897.)

No. 664.

DESIGN PATENTS—ANTICIPATION.

The Marchetti patent, No. 23,362, for a design for a carpet, is void because of anticipation as to claim 1, which covers a body having a series of diamond-shaped figures, the size of which are formed by a curving stem-work bearing small flower forms, and the interior of the diamond-shaped figures having conventional flower forms at their centers, around which are concentric rows of flower and leaf forms, etc.

This was a suit in equity by John Crossley & Sons, Limited, against William J. Hogg, for alleged infringement of a patent for a design for carpets.

Witter & Kenyon, for complainant.
Louis W. Southgate, for defendant.

COLT, Circuit Judge. This is a bill in equity, brought for the infringement of letters patent No. 23,362, granted June 12, 1894, to Giulio Marchetti, for a design for a carpet. The specification says:

"The body, A, comprises a series of diamond-shaped figures, the sides of which are formed by a curving stem-work bearing small flower forms. These diamond-shaped figures have conventional flower forms at their centers, around which are arranged concentric rows of flower and leaf forms, each row or series having the same general outline as the main figure. At the bottom of each figure is an ornament somewhat resembling a shield or pendant. The border, B, consists of an inner portion and an outer portion. The inner portion consists of a double line of wavy stem-work, one line bearing small flower forms, and the other bearing leaf-like serrations. In the depressions of these wavy lines are bunches or sprays of flower forms surrounded by ornamental stem-work. The outer portion of the border consists of a wavy stem-work bearing small leaf and flower forms, the crests of the contiguous wave portions being joined by bands of flowery stem-work, each of which is curved so as to form, with its corresponding wave-portion, a circular figure. In the center of each of these circular figures is a bunch or spray of small flower forms surrounded by an ornamental stem-work."

B           A

Claims 1 and 2 are as follows:

"(1) In a design for a carpet, the body substantially as shown and described.
(2) In a design for a carpet, the border substantially as shown and described."

The main defense in this case is anticipation. Upon careful comparison of the patented design with defendant's exhibit lithographic plate representing an old French plate of the fifteenth century, which is contained in a book entitled "L'Ornement Des Tissues," published in Paris in 1877, and received by the Astor Library in 1886, I am of opinion that there is nothing new or original in the Marchetti patent. The main outlines of the patented design are identical with those of the old French plate, and the differences between the two designs are limited to mere changes in detail. The first claim of the patent is therefore void for want of invention. The second claim, which relates to the border, is subordinate to the main design, and as to this claim I find that the defendant does not infringe. Bill dismissed, with costs.